**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STANLEY M. KACZMORSKI and<br>CARMEN CUPELLI, | ) | CIVIL ACTION |
| | ) | |
| | ) | No.: 2:12-cv-01694-GLL |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF ALLEGHENY and | ) | |
| CHELSA WAGNER, | ) | |
| | ) | **Electronically Filed** |
| Defendants. | ) | |

**ANSWER OF DEFENDANT CHELSA WAGNER
TO PLAINTIFFS' AMENDED CIVIL COMPLAINT**

Defendant Chelsa Wagner, in her individual capacity (hereinafter "Wagner"), by her

undersigned counsel, submits the following Answer to the Plaintiffs' Amended Civil Complaint:

**FIRST DEFENSE**

1.      Paragraph 1 of the Amended Civil Complaint states conclusions of law to which

no Answer is required.

2.      Paragraph 2 of the Amended Civil Complaint states conclusions of law to which

no Answer is required.  Wagner admits that Plaintiff Kaczmorski filed a charge alleging

discrimination on or about August 23, 2012.

3.      Paragraph 3 of the Amended Civil Complaint states conclusions of law to which

no Answer is required.  Wagner admits that Plaintiff Cupelli filed a charge alleging

discrimination on or about October 16, 2012.

4. – 8.  Paragraphs 4 through 8 of the Amended Civil Complaint are admitted.

1

9.      To the extent that Paragraph 9 of the Amended Civil Complaint is directed at Wagner, it is specifically denied in its entirety.  On the contrary, Wagner is an individual and not an employer.

10.     Paragraph 10 of the Amended Civil Complaint is admitted.

11.     Paragraph 11 of the Amended Civil Complaint states conclusions of law to which no Answer is required.

12.     Paragraph 12 of the Amended Civil Complaint is denied as stated.  It is admitted that Plaintiff Kaczmorski was employed by Defendant County of Allegheny From February 17, 2004 until February 17, 2012.  Prior to January 2, 2012, his title was Manager, TAW.  It was unclear, however, what work – if any – Plaintiff Kaczmorski actually performed for the Controller on a daily basis.  From January 2 until February 17, 2012, Plaintiff Kaczmorski was given transitional tasks to perform for the Wagner administration as the TAW department was eliminated.

13.     Paragraph 13 of the Amended Civil Complaint is denied as stated.  It is admitted that Plaintiff Cupelli was employed by Defendant County of Allegheny from November 1990 to January 2, 2012.  It is specifically denied that his most recent position was Field Supervisor in the Office of the Controller.  On the contrary, under the administration of Wagner's predecessor – the Hon. Mark Patrick Flaherty (hereinafter "Flaherty") – Plaintiff Cupelli ostensibly held a position described as "real estate tax investigator" within the Support Services Division of the Controller's office.  It was unclear, however, what work – if any – Plaintiff Cupelli actually performed for the Controller on a daily basis.

14.     Paragraph 14 of the Amended Civil Complaint states conclusions of law to which no answer is required.  By way of further answer, Wagner specifically denies any implication that political affiliation had anything to do with the termination of either Plaintiff's employment.

15.     Paragraph 15 of the Amended Civil Complaint is denied as stated.  It is admitted only that, under the organization of the Controller's office as implemented by former Controller Flaherty, Plaintiff Kaczmorki's job duties ostensibly included managing employees in the following areas:

- Tax Lien: There is no indication Plaintiff Kaczmorski actually performed any managerial tasks connected to the ongoing performance of this function.  For at least two of the four individuals noted in the Flaherty organizational chart as performing this function (including Plaintiff Cupelli), it is unclear what actual duties they performed in relation to tax liens.  Furthermore, the Tax Lien function that Plaintiff Kaczmorski purportedly supervised is being phased out, and will eventually be handled by the Treasurer of Allegheny County to eliminate duplication.

- Asset Management: Pursuant to the Flaherty organizational chart, five employees under Plaintiff Kaczmorski's purview performed the Asset Management function.  Two of those employees held titles of Assistant Manager.  Thus, Plaintiff Kaczmorski's management of this function was redundant and did not add any value to the services being performed.

- Weights and Measures:  Pursuant to the Flaherty organizational chart, three employees under Plaintiff Kaczmorski's purview performed the Weights and Measures function.  Those employees require almost no managerial supervision on a daily basis and Plaintiff Kaczmorski did not actively manage them.  Furthermore, the Weights and Measures

function has been transferred from the Controller to the County Executive by ordinance

of County Council on June 29, 2012.  Before that time, the Controller had been informed

that such a move would take place.

This division was eliminated by Wagner upon taking office to avoid duplication, inefficiencies

and waste.  Any bona fide function that was actually being performed in this division (e.g., asset

management, weights and measures) was transferred to the appropriate core functional division

of the office -  namely, accounting or auditing.  Tax lien, because no real work was done, was

instead phased out immediately.  By way of further answer, Wagner specifically denies any

implication that political affiliation had anything to do with the termination of either Plaintiff's

employment.

      16.    Paragraph 16 of the Amended Civil Complaint is denied as stated.  As averred

above in Paragraph 13 of this Answer, it was unclear what work – if any – Defendant Cupelli

actually performed for the Controller on a daily basis.  By way of further answer, Wagner

specifically denies any implication that political affiliation had anything to do with the

termination of either Plaintiff's employment.

      17.    Paragraph 17 of the Amended Civil Complaint states conclusions of law to which

no answer is required.  To the extent that a response is deemed to be required, it is specifically

denied that only the positions listed had policy-making authority.  In fact, upon information and

belief, Plaintiff Kaczmorski exercised policy-making authority under former Controller Flaherty.

      18.-19. Paragraphs 18  and 19 of the Amended Civil Complaint are admitted.

      20.    Paragraph 20 of the Amended Civil Complaint is specifically denied.  Wagner did

not make the statement indicated, whether or not the statement bears the alteration Plaintiff's

counsel has made to it.

4

21.     Paragraph 21 of the Amended Civil Complaint is admitted in part and denied in part.  It is admitted that, on or about December 19, 2011, Plaintiff Kaczmorski received a letter from a lawyer acting on behalf of Wagner's transition staff.  That letter, however, is a writing that speaks for itself, and Plaintiffs' attempt to characterize it is denied.

22.     Paragraph 22 of the Amended Civil Complaint is admitted in part and denied in part.  It is admitted that, on or about December 23, 2011, Plaintiff Cupelli received a letter from a lawyer acting on behalf of Wagner's transition staff.  That letter, however, is a writing that speaks for itself, and Plaintiffs' attempt to characterize it is denied.

23.-25. Paragraphs 23 through 25 of the Amended Civil Complaint are admitted.

26.     Paragraph 26 of the Amended Civil Complaint is specifically denied.  On the contrary, neither Plaintiff has been replaced.

27.     Defendant Wagner understands that the age allegations of the Amended Civil Complaint are not directed to her in her individual capacity.  To the extent that an answer is required, Paragraph 27 of the Amended Civil Complaint is denied as stated.  The ages of employees did not factor into any employment termination decisions.

28.     Defendant Wagner understands that the age allegations of the Amended Civil Complaint are not directed to her in her individual capacity.  To the extent that an answer is required, Paragraph 28 of the Amended Civil Complaint is denied as stated.  The ages of employees did not factor into any employment termination or hiring decisions.  By way of further answer, it is specifically denied that either Plaintiff was replaced.

29.     Paragraph 29 of the Amended Civil Complaint is specifically denied.  On the contrary, neither Plaintiff has been replaced.

30.    After reasonable investigation, Wagner is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 31 of the Amended Civil Complaint, and those averments are therefore denied.

31.    After reasonable investigation, Wagner is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 31 of the Amended Civil Complaint, and those averments are therefore denied.

32.    Paragraph 32 of the Amended Civil Complaint is admitted.

33.    Paragraph 33 of the Amended Civil Complaint is specifically denied.  On the contrary, neither Plaintiff has been replaced.

34.    Defendant Wagner incorporates the foregoing Paragraphs 1 through 33 of this Answer herein, in their entirety, by this reference.

35.    Paragraph 35 of the Amended Civil Complaint is specifically denied.  On the contrary, Plaintiff Kaczmorski's employment was terminated for the reasons stated herein and further explained in the Position Statements of the Office of the Controller of Allegheny County as filed with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

36.    Paragraph 36 of the Amended Civil Complaint states conclusions of law to which no Answer is required.  To the extent that an Answer may be deemed required, Paragraph 36 is admitted in part and denied in part.  It is specifically denied that Wagner misused her power in terminating Plaintiff Kaczmorski's employment.  On the contrary, that decision was entirely legitimate, appropriate and lawful for the reasons stated herein and further explained in the Position Statements of the Office of the Controller of Allegheny County as filed with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

37.     Paragraph 37 of the Amended Civil Complaint states conclusions of law to which no Answer is required.  To the extent that an Answer may be deemed required, Paragraph 37 is specifically denied.  It is specifically denied that Wagner considered political affiliation or support in terminating Plaintiff Kaczmorski's employment.  On the contrary, that decision was entirely legitimate, appropriate and lawful for the reasons stated herein and further explained in the Position Statements of the Office of the Controller of Allegheny County as filed with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

38.     Paragraph 38 of the Amended Civil Complaint states conclusions of law to which no Answer is required.  To the extent that an Answer may be deemed required, Paragraph 38 is specifically denied.  It is specifically denied that Wagner considered political affiliation or support in terminating Plaintiff Kaczmorski's employment.  On the contrary, that decision was entirely legitimate, appropriate and lawful for the reasons stated herein and further explained in the Position Statements of the Office of the Controller of Allegheny County as filed with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

39.     After reasonable investigation, Wagner is without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 39 of the Amended Civil Complaint that Plaintiff Kaczmorski has sustained the injuries and damages referred to therein. It is specifically denied that any actionable conduct on the part of Wagner was a direct and/or proximate cause of any such injuries and/or damages.

WHEREFORE, Defendant Chelsa Wagner, in her individual capacity, demands judgment in her favor and against Plaintiff Stanley Kaczmorski, dismissing the Amended Civil Complaint

against her in its entirety, together with costs of suit and all other remedies to which she may be or become entitled.

40.     Defendant Wagner incorporates the foregoing Paragraphs 1 through 39 of this Answer herein, in their entirety, by this reference.

41.     Paragraph 35 of the Amended Civil Complaint is specifically denied.  On the contrary, Plaintiff Cupelli's employment was terminated for the reasons stated herein and further explained in the Position Statements of the Office of the Controller of Allegheny County as filed with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

42.     Paragraph 42 of the Amended Civil Complaint states conclusions of law to which no Answer is required.  To the extent that an Answer may be deemed required, Paragraph 42 is admitted in part and denied in part.  It is specifically denied that Wagner misused her power in terminating Plaintiff Cupelli's employment.  On the contrary, that decision was entirely legitimate, appropriate and lawful for the reasons stated herein and further explained in the Position Statements of the Office of the Controller of Allegheny County as filed with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

43.     Paragraph 43 of the Amended Civil Complaint states conclusions of law to which no Answer is required.  To the extent that an Answer may be deemed required, Paragraph 43 is specifically denied.  It is specifically denied that Wagner considered political affiliation or support in terminating Plaintiff Cupelli's employment.  On the contrary, that decision was entirely legitimate, appropriate and lawful for the reasons stated herein and further explained in the Position Statements of the Office of the Controller of Allegheny County as filed with the

Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

44.     Paragraph 44 of the Amended Civil Complaint states conclusions of law to which no Answer is required.  To the extent that an Answer may be deemed required, Paragraph 44 is specifically denied.  It is specifically denied that Wagner considered political affiliation or support in terminating Plaintiff Cupelli's employment.  On the contrary, that decision was entirely legitimate, appropriate and lawful for the reasons stated herein and further explained in the Position Statements of the Office of the Controller of Allegheny County as filed with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

45.     After reasonable investigation, Wagner is without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 45 of the Amended Civil Complaint that Plaintiff Cupelli has sustained the injuries and damages referred to therein.  It is specifically denied that any actionable conduct on the part of Wagner was a direct and/or proximate cause of any such injuries and/or damages.

WHEREFORE, Defendant Chelsa Wagner, in her individual capacity, demands judgment in her favor and against Plaintiff Carmen Cupelli, dismissing the Amended Civil Complaint against her in its entirety, together with costs of suit and all other remedies to which she may be or become entitled.

46.-53. Defendant Wagner understands that Paragraphs 46 through 53 of the Amended Civil Complaint are not directed to her in her individual capacity, and that in such capacity she is not required to respond to them.  To the extent that a response may be deemed to be required,

Wagner incorporates any Answer and/or Motion that may be filed on behalf of Allegheny County to such paragraphs herein, in their entirety, by this reference.

### SECOND DEFENSE

54.     The Amended Civil Complaint fails to state a claim for relief against Wagner.

### THIRD DEFENSE

55.     Defendant Wagner enjoys qualified immunity from the allegations in the Amended Civil Complaint.

STRASSBURGER McKENNA
GUTNICK & GEFSKY


By: /S/Laura Beth Gutnick
Laura Beth Gutnick, Esquire
Pa. I.D. No. 81999

Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
(412) 281-5423
(412) 281-8264 (Fax)

Counsel for Defendant
Chelsa Wagner

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Answer of Defendant Chelsa Wagner to Amended Complaint** was served by CM/ECF and First Class Mail, U.S. Mail, postage prepaid, this _____31_____ day of _January_____, 2012, on the following:

Samuel J. Cordes, Esquire
Christine T. Elzer, Esquire
245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(Counsel for Plaintiffs)

County of Allegheny
436 Grant Street, Room 104
Pittsburgh, PA 15219

/S/Laura Beth Gutnick_____
Laura Beth Gutnick, Esquire
Pa. I.D. No. 81999

Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
(412) 281-5423
(412) 281-8264 (Fax)

Counsel for Defendant
Chelsa Wagner