IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY M. KACZMORSKI and CARMEN CUPELLI, | ) CIVIL DIVISION ) ) C.A. No. 12-1694 |
| Plaintiffs, | ) |
| v. | ) ) |
| COUNTY OF ALLEGHENY and CHELSA WAGNER, | ) ) ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b), Defendant, County of Allegheny, hereby files the within Brief in Support of Motion to Dismiss, as follows:

**I.     ALLEGED FACTS**

Plaintiffs, Stanley M. Kaczmorski ("Kaczmorski") and Carmen Cupelli ("Cupelli") were employed in the Allegheny County Office of the Controller. (ECF 7, ¶¶ 12-13.) Kaczmorski was 64 years old and Cupelli was 67 when their respective positions with the Controller's Office were terminated. (ECF 7, ¶¶ 5, 7.) Kaczmorski was employed as Manager, TAW (Tax Liens, Asset Management, and Weights and Measures) in the Controller's Office, and Cupelli was employed as Field Supervisor in the Contoller's Office. (ECF 7, ¶¶ 12-13.)

Plaintiffs allege that Defendant, Chelsa Wagner ("Wagner") was elected Controller of the County of Allegheny in November 2011. (ECF 7, ¶ 18.) Plaintiffs further allege that after the election but before she took office, Wagner and others at her direction interviewed employees of the Controller's Office, including Plaintiffs. (ECF 7, ¶ 19.) On December 19, 2011, Kaczmorski received a letter from Wagner's attorney terminating his employment effective January 2, 2012 but placing him on furlough status until February 17, 2012 to allow him to meet the vesting

requirement for his County pension. (ECF 7, ¶ 21.) On December 23, 2011, Cupelli received a similar letter from Wagner's attorney placing him on furlough status effective January 2, 2012. (ECF 7, ¶ 22.) Plaintiffs allege that on January 2, 2012, Wagner took office and, on that same day, Defendants terminated Cupelli's employment. (ECF 7, ¶¶ 23-24.) Plaintiffs allege that on February 17, 2012, Defendants terminated Kaczmorski's employment. (ECF 7, ¶ 25.)

Plaintiffs plead causes of action under 42 U.S.C. § 1983 for violation of their First and Fourteenth Amendment rights to political affiliation, alleging that they were non-policy-making employees who were terminated because they did not support Wagner in her election. (ECF 7, ¶¶ 14-16.) Plaintiffs also plead causes of action under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) (ADEA), alleging that both Plaintiffs would not have been terminated but for their age and that they were replaced by significantly younger individuals. (ECF 7, ¶¶ 28, 48, 52.)

## II.   STANDARD OF REVIEW

District courts confronted by a motion to dismiss should engage in a two-step analysis. First, the district court should accept all well-pleaded facts as true, but may reject mere legal conclusions. Second, the district court should then determine whether the facts as asserted, establish a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, a complaint must "show" an entitlement for relief with facts, because a mere allegation that a plaintiff is entitled to relief is insufficient to withstand a motion to dismiss. See Phillips v. Co. of Allegheny, 515 F.3d 224, 234–35 (3d Cir.2008). As the Supreme Court noted in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to

relief." Iqbal, 556 U.S. at 677.  This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.

### III.  ARGUMENT

**A.  Plaintiffs' claims under 42 U.S.C. § 1983 for political affiliation should be dismissed.**

*1.  Plaintiffs' failure to identify a County of Allegheny policy or custom compels dismissal.*

Plaintiffs' Amended Complaint does not state a claim against this Defendant because it does not identify an Allegheny County policy or custom that caused the alleged constitutional violation.[1]  Plaintiffs make conclusory allegations that their respective terminations violated their constitutional rights, but fail to plead a case for municipal liability under 42 U.S.C. § 1983.  The failure to identify a policy or custom compels dismissal of Plaintiffs' Amended Complaint.

In Connick v. Thompson, Supreme Court recently reiterated the requirements for municipal liability established by Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 692 (1978):

> A municipality…may be liable under this section if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation. But, under § 1983, local governments are responsible only for 'their own illegal acts.'
>
> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury.  Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are "action [s] for which the municipality is actually responsible."

---

[1] This Defendant does not concede that Plaintiffs suffered a constitutional violation.

Connick v. Thompson, ––– U.S. –––, –––, 131 S.Ct. 1350, 1359 (2011) (internal citations omitted).  Here, Plaintiffs' Amended Complaint is devoid of allegations showing a policy or custom that led to their terminations.  This is grounds for dismissal.  See, e.g., Rees v. Office of Children & Youth, 473 F. App'x 139, 143 (3d Cir. 2012) ("[t]he District Court correctly dismissed the Monell claim because [the plaintiff's] complaint failed to allege a specific…policy or custom that was deliberately indifferent to, and violative of, plaintiff's constitutional rights.").

To impose liability upon this Defendant, Plaintiffs must show that the County itself caused their injury.  See Smith v. City of Easton, 2008 WL 2704570 (E.D. Pa. 2008) ("[U]nder Monell and its progeny, a municipality may only be liable under Section 1983 if it actually caused the complained-of violation.").  Without alleging a County policy or custom, Plaintiffs cannot establish causation.  Accordingly, this Defendant moves to dismiss Counts I and II of Plaintiffs' Amended Complaint.

2.   *Plaintiffs' Amended Complaint should be dismissed because it does not identify an Allegheny County policymaker responsible for their alleged constitutional violations.*

Plaintiffs fail to state a claim against the County of Allegheny because they have not and cannot identify a policymaker—either by name, office, or even by general reference—responsible for the decisions to terminate Plaintiffs or the policies/customs that led to their termination.  The existence of such a policymaker is essential to Plaintiffs case.  As to employment decisions within the Controller's Office, the applicable policymaker is the elected controller.  Also, the decisions at issue were allegedly made before Wagner took office and there is no allegation as to a County policymaker's involvement, knowledge, or deliberate indifference, it becomes clear that Plaintiffs' causes of action improperly seek to impose vicarious liability on the County for decisions in which it had no input.  In short, Plaintiffs'

timeline simply does not support their claims against this Defendant. Therefore, Plaintiffs' causes of action under 42 U.S.C. § 1983 should be dismissed.

Under Section 1983, the plaintiff must show a conscious decision or deliberate indifference of some natural person—without that, a municipality cannot be deemed in violation by virtue of a policy, a custom, or a failure to train." Simmons v. City of Phila, 947 F.2d 1042, 1063 (3d Cir. 1991). Therefore, a plaintiff claiming a municipal violation of Section 1983 "must both identify officials with ultimate policymaking authority in the area in question and adduce scienter-like evidence…with respect to them." Id. at 1062. Further, the plaintiff must show "a causal link between the execution of the policy and the injury suffered." Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984).

Here, Plaintiffs identify Wagner as "a state actor with final policy making authority over employees of the Allegheny County Office of the Controller." However, the Allegheny County Administrative Code places the entire operation of the Controller's Office outside the control of the County. (Admin. Code § 5-2-1.03, attached hereto for reference.) Specifically as to employment decisions, the County is entirely separate from Row Offices such as the Controller's Office—the Code provides that employees of County Officials (defined as "independently elected officers having powers, duties and responsibilities over a separately constituted County Office") "shall not be covered by the personnel system and shall not be considered County Career Service employees…." (Admin. Code § 5-1003.01; § 5-101.03, attached hereto for reference.) By rule, there is no County official with ultimate policymaking authority as to employment decisions within the Controller's Office. See Jakomas v. McFalls, 229 F. Supp. 2d 412, 430 (W.D. Pa. 2002) (holding that an elected judge—similarly excluded from County

control—was not a County policymaker as to employment decisions.)  Without alleging the existence of a County policymaker, Plaintiffs' claim fails.

Plaintiffs' Amended Complaint also makes it clear that the decision to terminate Plaintiffs took place before Wagner took office.  (ECF 7, ¶¶ 21-22.)  Kaczmorski and Cupelli were informed of their terminations on December 19, 2011 and December 23, 2011, respectively, and Wagner did not take office until January 2, 2012.  (ECF 7, ¶ 23.)  This further supports the separation between the County and the Controller's Office with respect to employment decisions.  There is no alleged County policymaker who had any input in the decision to terminate the Plaintiffs' employment—no natural person at the County whose scienter would even come into play at the time the decisions were made.  Therefore, Plaintiffs' Amended Complaint should be dismissed.

**B.     Plaintiffs' claims under the ADEA should be dismissed because Allegheny County was not their employer with respect to the decision at issue.**

Plaintiffs' claim under the ADEA should be dismissed because they fail to allege an employer-employee relationship between the County and Plaintiffs with respect to the decision at issue.  The issue again comes down to the timeline of Plaintiffs' termination, which demonstrates that the decisions were made without County direction.  In doing so, Plaintiffs admit that the County did not have sufficient input over their employment such that an ADEA claim could be pursued against the County.  But this issue also comes down to the overarching relationship between the County and the Office of the Controller, which is a separate row office—the County is precluded from having input into the employment decisions of the Controller and therefore cannot be held liable for those decisions.  Therefore, Plaintiffs' ADEA claims should be dismissed.

To advance a claim under the ADEA, a plaintiff must show the existence of an employer-employee relationship. The ADEA makes it "unlawful for <u>an employer</u>…to fail to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). The ADEA provides a cause of action only to those individuals who were "employees" at the time of termination. <u>EEOC v. Zippo Manufacturing Co.</u>, 713 F.2d 32 (3d Cir.1983). The court of appeals in <u>Zippo</u> held that the employer's right to control the "means and manner" of the individual's performance is the most critical factor in determining the existence of an employer-employee relationship. <u>Id.</u>

Here, there was no employer-employee relationship between Allegheny County and Plaintiffs—the County did not have the right to control the hiring and firing of row-office employees such as Plaintiffs. The Allegheny County Administrative Code provides that employees of County Officials (defined as "independently elected officers having powers, duties and responsibilities over a separately constituted County Office") "shall not be covered by the personnel system and shall not be considered County Career Service employees…." (Admin. Code § 5-1003.01; § 5-101.03, attached hereto for reference.) Allegheny County cannot be held liable for employment decisions as to employees who, by definition, are not subject to Allegheny County control. See <u>U.S. v. Bd. of Educ. for the Sch. Dist. of Philadelphia</u>, 911 F.2d 882, 891 (3d Cir.1990) (holding that Commonwealth of Pennsylvania was not an "employer" of public school teachers and was not subject to the strictures of Title VII because its control over the teachers' employment was exercised in its regulatory capacity "rather than in the course of a customary employer-employee relationship").

The alleged facts relative to Plaintiffs' termination further demonstrate that Plaintiffs cannot establish the degree of control necessary to establish liability as to the County under the ADEA.  As stated above, Plaintiffs allege that Wagner terminated their positions before she took office and without any input from the County.  Given those allegations, it is clear that the County did not exercise control over the Plaintiffs' employment to the degree necessary to establish liability under the ADEA.

### IV.     CONCLUSION

Given the separation between the County of Allegheny and independent elected offices, Plaintiffs cannot establish a causal link between the County and the decision to terminate Plaintiffs' employment.  Without causation, Plaintiffs' claims under Section 1983 and under the ADEA should be dismissed.

Respectfully submitted,

/s/  Andrew F. Szefi
Allegheny County Solicitor
Pa. I.D. 83747
andrew.szefi@alleghenycounty.us

/s/  Jake S. Lifson
Jake S. Lifson
Assistant County Solicitor
Pa. I.D. No. 201384
jake.lifson@alleghenycounty.us

ALLEGHENY COUNTY LAW DEPT.
445 Fort Pitt Boulevard, Suite 300
Pittsburgh, Pennsylvania 15219
412-350-4551