IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY M. KACZMORSKI and<br>CARMEN CUPELLI, | Civil Division |
| Plaintiffs, | No. 12-1694 |
| v. | Chief Judge Lancaster |
| OFFICE OF CONTROLLER OF ALLEGHENY<br>COUNTY, and CHELSA WAGNER,<br>Controller, in her individual and official<br>capacities, | |
| Defendants. | JURY TRIAL DEMANDED |

**SECOND AMENDED CIVIL COMPLAINT**

Plaintiffs, Stanley M. Kaczmorski and Carmen Cupelli, by undersigned counsel, file this Second Amended Civil Complaint, and in support state the following:

**I. Jurisdiction**

1. The Jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1871, 42 U.S.C. §1983; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §626(c)(1); 28 U.S.C §§1331 and 1343(a)(3) and (a)(4).

2. Plaintiff Kaczmorski has satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 in that:

   a. On August 23, 2012, he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination, and cross-filed with the Pennsylvania Human Relations Commission ("PHRC"); and

   b. More than 60 days has passed since he filed his charge of discrimination with the EEOC.

3. Plaintiff Cupelli has satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 in that:

    a.    On October 16, 2012, he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination, and cross-filed with the Pennsylvania Human Relations Commission ("PHRC"); and

    b.    More than 60 days has passed since he filed his charge of discrimination with the EEOC.

## II.  The Parties

4. Plaintiff, Stanley M. Kaczmorski, is an adult individual who resides at 103 Reel Avenue, Pittsburgh, Pennsylvania 15237.

5. When discharged by Defendants, Kaczmorski was 64 years old.

6. Plaintiff, Carmen Cupelli, is an adult individual who resides at 328 Frazier Avenue Pittsburgh, Pennsylvania 15235.

7. When discharged by Defendants, Cupelli was 67 years old.

8. Defendant, Office of Controller of Allegheny County, is an independent "Row Office" of the County of Allegheny, and is a political subdivision of the Commonwealth of Pennsylvania.  Its principal place of business is located at 436 Grant Street, Room 104, Pittsburgh, Pennsylvania 15219.

9. At all times relevant hereto, Defendant Office of Controller of Allegheny County, is and was an employer within the meaning of 29 U.S.C. §630(b), in that it is engaged in an industry affecting interstate commerce and employs more than 20 employees.

10. Defendant, Chelsa Wagner, is the Controller of Allegheny County, with a principal place of business located at 436 Grant Street, Room 104, Pittsburgh, Pennsylvania 15219.

11. Defendant Wagner is a state actor with final policy making authority over employees of the Office of the Allegheny County Controller.  She is sued in her individual and official capacities.

### III. Factual Background

12. Plaintiff Kaczmorski worked for Defendant, Office of Controller of Allegheny County, from February 17, 2004 to February 17, 2012. His most recent position was Manager, TAW (Tax Liens, Asset Management, and Weights and Measures) in the Office of the Controller.

13. Plaintiff Cupelli worked for Defendant, Office of Controller of Allegheny County, from November 1990 to January 2, 2012. His most recent position was Field Supervisor in the Office of the Controller.

14. Political affiliation was not an appropriate requirement for the effective performance of the positions occupied by Kaczmorski and Cupelli.

15. Kaczmorski's job duties included managing the Tax Lien, Asset Management, and Weights and Measures departments, all of which performed administrative functions. His job duties did not include any policy-making authority.

16. Cupelli was a rank and file employee who performed purely administrative and ministerial functions, and had no policy-making duties.

17. Rather, the policy-making authority in the Office of Controller was vested in the Controller, the Deputy Controller, and the Office Manager.

18. In November 2011, Defendant Wagner was elected Controller of the County of Allegheny.

19. Following Wagner's election, but before she took office, Wagner, and others at her direction, conducted interviews of Office of the Controller employees, including Plaintiffs.

20. During Wagner's interview with Kaczmorski, she told him she was "very loyal to [her] people."

21. On or about December 19, 2011, Kaczmorski received a letter from Wagner's lawyer

notifying him that he would be placed on furlough status on January 2, 2012, but could continue working until February 17, 2012, so he could meet the vesting requirement for the County retirement system.

22. On or about December 23, 2011, Cupelli received a letter from Wagner's lawyer notifying him that he would be placed on furlough status on January 2, 2012.

23. On January 2, 2012, Defendant Wagner assumed office as the County of Allegheny Controller.

24. That same day, January 2, 2012, Defendants fired Cupelli.

25. On February 17, 2012, Defendants fired Kaczmorski.

26. Defendants replaced Kaczmorski and Cupelli with significantly younger individuals.

27. Defendants also discharged at least 6 other employees over the age of 50.

28. Defendants replaced the other individuals who were discharged with significantly younger employees.

29. Defendants replaced Kaczmorski and Cupelli with individuals who actively supported Wagner during her 2011 campaign for Controller.

30. Kaczmorski and Cupelli were not known supporters of Wagner during her 2011 campaign for Controller.

31. Indeed, the previous Controller, Mark Patrick Flaherty, prohibited employees of the Office of Controller, including Kaczmorski and Cupelli, from publicly supporting any candidates for Controller.

32. Defendants claimed it chose Kaczmorski and Cupelli for furlough "based upon the 2012 budget and the organizational needs of the office as envisioned by Ms. Wagner as well as other important factors which have been considered."

33. However, Defendants paid the employees who replaced Kaczmorski and Cupelli higher salaries.

### Count I
### 42 U.S.C. §1983
### Stanley Kaczmorski v. Office of Controller of Allegheny County, and Chelsa Wagner in her individual and official capacities.

34. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 33 as if fully restated herein.

35. Defendants fired Kaczmorski because of his political affiliation, and lack of political allegiance to Defendant Wagner, in violation of his right to belief and association under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983.

36. In terminating Kaczmorski's employment, Defendant Wagner acted under color of state law, inasmuch as her conduct, as set forth above, constitutes misuse of power possessed solely by virtue of state law and made possible only because Defendant is and was clothed with the authority of state law.

37. Defendant Wagner's actions toward Kaczmorski were intentional and were undertaken with reckless disregard of his federally protected right to not have his employment conditioned on a pledge of political allegiance to a party or candidate he may not prefer to support.

38. The conduct by Defendant Wagner, as set forth above, was a conscious choice to disregard Kaczmorski's constitutional rights, and deprived him, under color of state law, of rights guaranteed by the First and Fourteenth Amendments of the U.S. Constitution, in violation of 42 U.S.C. §1983.

39. As a direct and proximate result of Defendants' intentional and reckless actions, Kaczmorski has sustained the injuries and damages, including but not limited to lost wages, emotional distress, loss of reputation, humiliation, and inconvenience.

WHEREFORE, Kaczmorski demands judgment against Defendants for deprivation of his rights under the First Amendment of the U.S. Constitution and 42 U.S.C. §1983, and damages as follows:

    a. That Defendants be permanently enjoined from discriminating against Plaintiff for engaging in First Amendment activities.

    b. That Defendants be permanently enjoined from retaliating against Plaintiff because he engaged in First Amendment protected activities.

    c. That Defendants be ordered to reinstate Plaintiff to the position he occupied at the time he was terminated with all lost pay and benefits.

    d. That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress, humiliation, and loss of reputation Plaintiff has suffered as a result of Defendants' conduct.

    e. That Plaintiff be awarded punitive damages against Defendant Wagner individually in an amount sufficient to punish Defendant and to deter similar conduct.

    f. That Plaintiff be awarded against Defendants the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee;

    g. That Plaintiff be awarded such further relief as this Court deems to be just and proper.

### Count II
### 42 U.S.C. §1983
### Carmen Cupelli v. Office of Controller of Allegheny County, and Chelsa Wagner in her individual and official capacities.

40. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 39 as if fully restated herein.

41. Defendants fired Cupelli because of his political affiliation, and lack of political allegiance to Defendant Wagner, in violation of his right to belief and association under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983.

42. In terminating Cupelli's employment, Defendant Wagner acted under color of state

law, inasmuch as her conduct, as set forth above, constitutes misuse of power possessed solely by virtue of state law and made possible only because Defendant is and was clothed with the authority of state law.

43. Defendant Wagner's actions toward Cupelli were intentional and were undertaken with reckless disregard of his federally protected right to not have his employment conditioned on a pledge of political allegiance to a party or candidate he may not prefer to support.

44. The conduct by Defendant Wagner, as set forth above, was a conscious choice to disregard Cupelli's constitutional rights, and deprived him, under color of state law, of rights guaranteed by the First and Fourteenth Amendments of the U.S. Constitution, in violation of 42 U.S.C. §1983.

45. As a direct and proximate result of Defendants' intentional and reckless actions, Cupelli has sustained the injuries and damages, including but not limited to lost wages, emotional distress, loss of reputation, humiliation, and inconvenience.

WHEREFORE, Cupelli demands judgment against Defendants for deprivation of his rights under the First Amendment of the U.S. Constitution and 42 U.S.C. §1983, and damages as follows:

    a. That Defendants be permanently enjoined from discriminating against Plaintiff for engaging in First Amendment activities.

    b. That Defendants be permanently enjoined from retaliating against Plaintiff because he engaged in First Amendment protected activities.

    c. That Defendants be ordered to reinstate Plaintiff to the position he occupied at the time he was terminated with all lost pay and benefits.

    d. That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress, humiliation, and loss of reputation Plaintiff has suffered as a result of Defendants' conduct.

    e. That Plaintiff be awarded punitive damages against Defendant Wagner individually in an amount sufficient to punish Defendant and to deter similar conduct.

    f.    That Plaintiff be awarded against Defendants the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee;

    g.    That Plaintiff be awarded such further relief as this Court deems to be just and proper.

### Count III
### ADEA
### Stanley Kaczmorski v. Office of Controller of Allegheny County

46.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 45 as if fully restated herein.

47.    Defendant fired Kaczmorski because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

48.    But for Kaczmorski's age, Defendant would not have fired him.

49.    Defendant's violation of the ADEA was willful.

WHEREFORE, Plaintiff Kaczmorski demands judgment as follows:

    a.    That Defendant be ordered to reinstate Plaintiff into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    b.    That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied before January 2, 2012;

    c.    That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

    d.    That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

    e.    That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

    f.    That Defendant be enjoined from discriminating against Plaintiff in any

   manner that violates the ADEA;

  g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

  h. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

**Count IV**
**ADEA**
<u>**Carmen Cupelli v. Office of Controller of Allegheny County**</u>

50. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 49 as if fully restated herein.

51. Defendant fired Cupelli because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

52. But for Cupelli's age, Defendant would not have fired him.

53. Defendant's violation of the ADEA was willful.

WHEREFORE, Plaintiff Cupelli demands judgment as follows:

  a. That Defendant be ordered to reinstate Plaintiff into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

  b. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied before January 2, 2012;

  c. That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

  d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

  e. That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

f.  That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

g.  That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.  That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**SAMUEL J. CORDES & ASSOCIATES**

/S/ Christine T. Elzer
Samuel J. Cordes
Christine T. Elzer

Pa. I.D. No. 54874 (Cordes)
Pa. I.D. No. 208157 (Elzer)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-7991

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify on this 8th day of February, 2013 I served a copy of the foregoing *Second Amended Complaint* via electronic mail upon the following:

Andrew F. Szefi
Jake S. Lifson
445 Fort Pitt Boulevard, Suite 300
Pittsburgh, PA 15219


Laura Beth Gutnick
Strassburger, McKenna, Gutnick & Gefsky
Four Gateway Center, Suite 2200
444 Gateway Center, Suite 200
Pittsburgh, PA 15222

/S/ Christine T. Elzer
Christine T. Elzer